**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 02-4671

JESSIE J. PERRY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-20)

Submitted: February 7, 2003

Decided: February 25, 2003

Before WILKINS, Chief Judge, and WIDENER and
NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Barron M. Helgoe, VICTOR, VICTOR, & HELGOE, L.L.P.,
Charleston, West Virginia, for Appellant. Kasey Warner, United
States Attorney, Travis N. Gery, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jessie Perry pled guilty to conspiracy to distribute oxycodone, in
violation of 21 U.S.C. § 846 (2000). The district court sentenced
Perry to fifty-seven months imprisonment. Perry now appeals, and we
affirm.

Perry contends the district court erred at his sentencing hearing by
admitting hearsay testimony concerning a statement made by his wife
and co-conspirator, Mary Perry, to an FBI Special Agent. Perry
claims the statement was not made in furtherance of the conspiracy
and was therefore inadmissable hearsay. In making its factual deter-
minations, a sentencing court may consider any reliable and relevant
information, including hearsay. *United States v. Puckett*, 61 F.3d
1092, 1095 (4th Cir. 1995) (citing *United States v. Roberts*, 881 F.2d
95, 106-07 (4th Cir. 1989)). *See also* 18 U.S.C. § 3661; Fed. R. Evid.
1101(d). Consequently, we find Perry's claim meritless.

Perry contends the district court erred in imposing a two-level
enhancement pursuant to USSG § 3B1.1(c) for his role in the offense.
A district court's determination of the defendant's role in the offense
is a factual finding that is reviewed for clear error. *United States v.
Perkins*, 108 F.3d 512, 518 (4th Cir. 1997).

Under USSG § 3B1.1(c), a two-level enhancement is to be given
if the defendant was an organizer, leader, manager, or supervisor of
any criminal activity that did not involve five or more participants and
was not otherwise extensive. We find the district court did not clearly
err in its determination.

Accordingly, we affirm Perry's conviction and sentence. We dis-
pense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*